IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 CR 216 |
| | ) | Judge Matthew F. Kennelly |
| MARCIN CIBOROWSKI, | ) | |
| Defendant. | ) | |

**MARCIN CIBOROWSKI'S SENTENCING MEMORANDUM**

MARCIN CIBOROWSKI, by the FEDERAL DEFENDER PROGRAM and its attorney, IMANI CHIPHE, respectfully requests that this Court sentence him to 18 months imprisonment and three years of supervised release.

The Pre-Sentence Investigation Report (PSR) concludes that Mr. Ciborowski's advisory guideline range is 30 to 37 months. After considering the factors outlined in 18 U.S.C. § 3553(a) and applying them to Mr. Ciborowski, the PSR recommends a sentence of 18 months imprisonment. We concur. An eighteen-month sentence in prison is the right, just, and reasonable sentence in this case.

Mr. Ciborowski's extraordinary acceptance of responsibility in this case and the harshness of his incarceration due to the COVID-19 pandemic compel

1

the conclusion that a sentence of 18 months' imprisonment coupled with supervised release is sufficient, but not greater than necessary, to achieve the sentencing goals set forth by Congress in 18 U.S.C. § 3553(a)(2).

I. **The Factors Enumerated in 18 U.S.C. 3553(a) of the Sentencing Reform Act Weigh in Favor of a Sentence of No More than 18 Months Imprisonment.**

  A. **The harshness of imprisonment during the COVID-19 pandemic supports a sentence of 18 months imprisonment.**

The Coronavirus pandemic has markedly affected the nature of imprisonment and has altered the landscape for sentencing. As this Court is well-aware, 18 U.S.C. § 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)); *see also Holguin-Hernandez*, 140 S. Ct. 762, 766 (2020). With COVID, it is necessary to examine this statutory provision in a more deliberate way. The prolonged incarceration of Mr. Ciborowski, when he will have no access to communication, programming, and rehabilitative resources and faces an enormous risk to his health, is not necessary to meet the goals of sentencing. 18 U.S.C. § 3553(a)(2)(A) provides that the Court must assess "the need for the sentence imposed— . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As

2

such, as part of its sentencing obligations, this Court must consider the need for the sentence imposed to "provide just punishment for the offense." Because of COVID-19, Mr. Ciborowski has spent the last eighteen months essentially in lockdown conditions similar to solitary confinement, subjected to the constant fear of contracting a deadly disease, unable to assist his family in ensuring they are safe, and unable to visit family members or even his attorney. He will continue to face these struggles throughout any other sentence imposed upon him.

Since March 13, 2020, BOP modified its operations to respond to the spread of COVID-19, and individuals in every institution" are "secured in their assigned cells/quarters to decrease the spread of the virus. Family and friends are prohibited from visiting. Programming, absent select UNICOR operations, has ceased, and movement throughout the facilities is suspended. And while BOP's website claims movement exceptions are made to permit showers three times a week, telephone and email access, commissary, and laundry, in reality, even these most basic activities are not allowed. Instead, conditions amount to a total lockdown for almost twenty-four hours a day. See Fed. Bureau of Prisons, *Fed. Bureau of Prisons COVID-19 Action Plan* (Mar. 13, 2020), *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (Phase II). Phase II's

modified operations were extended as described in Phase III, Phase IV, Phase V, Phase VI, and Phase VII. Institution lockdown commenced on April 1, 2020 (Phase V) and was subsequently extended through May 18, 2020 (Phase VI) and again through June 30, 2020 (Phase VII). At some facilities, once someone tests positive for the virus, they are put in solitary confinement. *See, e.g.*, Class Action Complaint, *Torres v. Milusnic*, No. 20-cv-04450 (C.D. Cal. May 16, 2020), ECF No. 1, at 55 (Declaration of Joanna Perales) (petitioner placed in Special Housing Unit (SHU) after testing positive for COVID-19); Class Action Petition for Writ of Habeas Corpus, *Hallinan v. Scarantino*, No. 20-hc- 2088-FL (E.D.N.C. May 26, 2020), ECF No. 1-4, at 6 (Declaration of Roger Duane Goodwin) (Petitioner in FCI Butner Medium I moved to the SHU after testing positive for COVID-19). See also Fed. Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp.

Now with the surge of new COVID cases caused by the "Delta Variant," it is likely that Mr. Ciborowski will again be on lockdown, prohibited from seeing his family, as he has been for more than a year, and unable to engage in rehabilitative or productive programming. He will also continue to be at grave risk of contracting COVID-19. CDC guidance, such as social distancing, is impossible to achieve in our federal prisons — particularly during a lockdown.

4

Incarcerated individuals share bathrooms, sinks, showers, and telephones. They eat together and sleep in close proximity to each other.

Unsurprisingly, these conditions have fueled the spread of COVID-19 throughout BOP facilities. Thus, because of COVID-19, any time Mr. Ciborowski spends in custody will necessarily be more severe than it ordinarily would. *See also* Fed. Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp). In addition, programming and rehabilitative resources have been severely reduced, and instead, Mr. Ciborowski will be confined in his cell, much as he has been for the past nine months.

### B. A sentence of eighteen months is the appropriate sentence in this case.

As the Court knows, a criminal sentence should seek to solve the problems caused by the crime productively. Criminal behavior presents a problem for the victim(s), the court that must decide the resolution, the person who committed the crime, and, most of all, for the community in which the crime was committed. The ideal solution works toward healing the damage suffered by all the players. Unless pure revenge can be considered an aspect of healing, there is

nothing that a prolonged custody sentence could do to heal Mr. Ciborowski or repair the damage that he has caused.

One of the reasons to send a person to prison is to protect the community from that person. The other is for punishment. The community has been protected from Mr. Ciborowski for the last 18 months.

II.     **CONCLUSION**

Marcin Ciborowski has accepted responsibility for his actions in this matter. Because of the harsh nature of his detention and any imprisonment he has suffered, a sentence of 18 months coupled with three years of supervise release is sufficient and the appropriate sentence in this case. A sentence of prolonged incarceration, on the other hand, is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

THEREFORE, Mr. Ciborowski requests that this Court sentence him to a term of 18 months confinement along with three years of supervised release.

        Respectfully submitted,

        FEDERAL DEFENDER PROGRAM
        John F. Murphy
        Executive Director

By:   *s/ Imani Chiphe*
        Imani Chiphe
        Attorney for Marcin Ciborowski

IMANI CHIPHE
Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60603
312-621-8300

# CERTIFICATE OF SERVICE

The undersigned, <u>Imani Chiphe</u>, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**MARCIN CIBOROWSKI'S SENTENCING MEMORANDUM**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>August 9, 2021</u>, to counsel/parties that are non-ECF filers.

                                                FEDERAL DEFENDER PROGRAM
                                                John F. Murphy
                                                Executive Director

                                                By:   <u>*s/Imani Chiphe*</u>
                                                          Imani Chiphe

IMANI CHIPHE
Federal Defender Program
55 East Monroe, Suite 2800
Chicago, IL 60603
312-621-8300